NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50151 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00560-LAB-1 |
| v. | |
| VICTOR HUGO AVALOS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted June 10, 2022[**]
Pasadena, California

Before: M. SMITH, BADE, and VANDYKE, Circuit Judges.

Victor Avalos appeals his 24-month sentence for violating conditions of his supervised release. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Avalos contends that the district court procedurally erred by not considering all the mandatory sentencing factors in 18 U.S.C. § 3553(a). Because Avalos did not raise this specific issue before the district court, we review for plain error. *See United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012) (per curiam). To succeed on plain error review, the alleged error must be clear or obvious such that it affected Avalos's substantial rights. *See United States v. Olano*, 507 U.S. 725, 734–35 (1993). The district court identified two sentencing factors as most relevant—deterrence and protection of the public—but the record does not reasonably suggest that its analysis was limited to those factors. "The district court need not tick off each of the § 3553(a) factors to show that it has considered them. We assume that district judges know the law and understand their obligation to consider all of the § 3553(a) factors . . . ." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (citation omitted). We conclude there is no plain error.

Avalos also argues that the district court interpreted the federal Sentencing Guidelines incorrectly by categorically rejecting his drug addiction as a mitigating factor. Because Avalos clearly raised this issue before the district court, we review it de novo. *See Jackson*, 697 F.3d at 1144 ("We review de novo a district court's interpretation and application of the Sentencing Guidelines."). As the hearing transcript makes clear, the district court considered Avalos's drug addiction throughout the sentencing, but decided that it was not a mitigating factor in this case.

2

The district court's reasoning was adequate and leaves no ambiguity about whether it misapprehended relevant law.

Avalos next contends that the district court did not adequately consider his allocution statements about prison conditions during the COVID-19 pandemic and how the time in custody justified a mitigated sentence. We review for plain error because Avalos did not raise this mitigation objection in the district court. *See Jackson*, 697 F.3d at 1144. The district court listened to and considered Avalos's brief statement about the difficult pandemic prison conditions. Although the district court did not specifically address prison conditions in its sentencing rationale, "[w]here a matter is [] conceptually simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively." *Rita v. United States*, 551 U.S. 338, 359 (2007).

Finally, Avalos contends that the district court did not adequately explain why it imposed an upward variance from the applicable Sentencing Guidelines range of 12 to 18 months. Review of the sentencing transcript makes clear that the district court provided specific and adequate reasons for imposing a higher sentence. *See* 18 U.S.C. § 3553(c)(2); *United States v. Musa*, 220 F.3d 1096, 1101 (9th Cir. 2000). We find no plain error.

**AFFIRMED.**